# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

———————————————

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

     Plaintiff,

v.                                     No. 1:19-cv-912-WJ-GJF

PLAINS PIPELINE, L.P.; PLAINS ALL
AMERICAN GP, LLC; PLAINS MARKETING,
L.P.; and COPPERHEAD CONSTRUCTION, INC.,

     Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANTS' JOINT MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION TO TRANSFER

**THIS MATTER** is before the Court on Defendants' Joint Motion to Dismiss for Improper

Venue or, in the alternative, Motion to Transfer [Doc. 32], filed March 4, 2020. For the reasons

explained in this Memorandum Opinion and Order, the Court finds that while venue is proper in

the District of New Mexico under the Title VII venue provision, transfer to the the United States

District Court for the Western District of Texas, Midland-Odessa Division is warranted pursuant

to 28 U.S.C. § 1404(a).

## 1. Venue

Plaintiff brought this action under Title VII of the Civil Rights Act of 1964. Doc. 1. The

Title VII venue provision provides that Title VII actions

> may be brought in any judicial district in the State in which the unlawful
> employment practice is alleged to have been committed, in the judicial district in
> which the employment records relevant to such practice are maintained and
> administered, or in the judicial district in which the aggrieved person would have
> worked but for the alleged unlawful employment practice, but if the respondent is

not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). "All well-pleaded allegations in the complaint bearing on the venue question generally are taken as true, unless contradicted by the defendant's affidavits. A district court may examine facts outside the complaint to determine whether its venue is proper. And . . . the court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1260–61 (10th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352, at 324 (2004)).

Plaintiff repeatedly alleged in its complaint that Defendants engaged in unlawful employment practices in the District of New Mexico. Doc. 1. Plaintiff also provided affidavits from three of the Charging Parties describing Defendants' unlawful employment practices in the District of New Mexico. Docs. 34-2 (Declaration of Jason Copley), 34-3 (Declaration of Joshua Garcia), and Doc. 34-8 (Declaration of Shawn Cotton). Jason Copley, for example, stated:

> During my tenure as a Supervisor/Foreman at Copperhead, many of the Plains' work projects that my crews worked on were supervised by Mario Sanchez, the Plains' Inspector, during the Spring of 2017. In at least the months of February, March, April and May 2017, while we were mostly working at New Mexico, work sites, I received complaints from men on my crews that Mario Sanchez was subjecting them to harassment based on sex, race and national origin. Many of these complaints were made in Hobbs, New Mexico.
>
> .   .   .   .
>
> On or about May 4, 2017, Plains District Manager Ronnie Kea called me via telephone while I was in Hobbs, New Mexico and informed me that my crew that I was currently supervising and I were terminated. The reason Mr. Kea gave me for terminating us was because he had heard we were talking with an attorney about the harassment by Mario Sanchez.

Doc. 34-2 at 3–4. Defendants do not offer any evidence contradicting Plaintiff's allegations that Defendants engaged in unlawful employment practices in the District of New Mexico. Defendants,

instead, argue that venue is proper in the Western District of Texas, not the District of New Mexico, because the alleged unlawful employment practices substantially occurred there. Doc. 32 at 9–11.

Defendants' argument is premised on the false notion that venue can only exist in one judicial district. *See Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000) ("Title VII's venue provision obviously contemplates the possibility that several districts could provide an appropriate venue for the same action."). Even if Defendants' alleged unlawful employment practices substantially occurred in the Western District of Texas, that does not mean venue is improper in the District of New Mexico. The Title VII venue provision is clear: "actions may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e–5(f)(3). Plaintiff alleged that Defendants engaged in unlawful employment practices in the District of New Mexico and provided uncontradicted evidence showing as such. The Court, therefore, finds that venue is proper in the District of New Mexico under the Title VII venue provision.

## 2. Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When deciding a motion to transfer, courts weigh the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

Defendants request the Court transfer this case to the Western District of Texas' Midland-Odessa Division. Plaintiff does not dispute that the case could have been brought there. Whether to transfer the case there, therefore, depends on the factors discussed below.

### 2.1. Plaintiff's Choice of Forum.

"[U]nless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed." *Id.* (quoting *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)). "The plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district." *Id.* at 1168. "Courts also accord little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.'" *Id.* (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F.Supp. 667, 669 (D. Kan. 1993)).

Plaintiff filed this case in the District of New Mexico. Doc. 1. Although Plaintiff is a federal governmental entity with offices all over the United States, its Albuquerque office is responsible for this case. Doc. 34-4 at 2–3 (EEOC District Director explaining that the "charges at issue in this case were filed with the EEOC's Albuquerque Area Office" and that she "exercised [her] discretion to conduct the investigation through the Albuquerque office"). There is also uncontradicted evidence showing that some of Defendants' alleged unlawful employment practices occurred in the District of New Mexico. Doc. 34-2 at 3–4 (Declaration of Jason Copley). The Court, therefore, finds that this factor weighs against transfer, although this is a close call because the Court has no doubt that Plaintiff has offices in the Western District of Texas.

### 2.2. Accessibility of Witnesses and Other Sources of Proof, including the Availability of Compulsory Process to Insure Attendance of Witnesses

"The convenience of witnesses is the most important factor in deciding a motion under

§ 1404(a)." *Employers Mut. Cas. Co.*, 618 F.3d at 1169 (quoting *Cook*, 816 F.Supp. at 669). "To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) 'indicate the quality or materiality of the[ir] testimony'; and (3) 'show[] that any such witnesses were unwilling to come to trial . . . [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary.'" *Id.* (quoting *Scheidt*, 956 F.2d at 966).

### 2.2.1. Witnesses and their Locations

Defendants identify the following witnesses; their locations; and their distances from Albuquerque, where the case is docketed, and the Western District of Texas' Midland-Odessa Division, where Defendants are requesting the Court to transfer the case to:

| Name | Witness Type | Location | Distance from Albuquerque | Distance from Midland |
|---|---|---|---|---|
| Jason Copley | Charging Party | Hobbs, NM | 313 miles | 95 miles |
| Da'Vonta Copley | Charging Party | Lovington, NM | 296 miles | 116 miles |
| Shawn Cotton | Charging Party | Hobbs, NM | 313 miles | 95 miles |
| Joshua Garcia | Charging Party | Hobbs, NM | 313 miles | 95 miles |
| Hugo Gutierrez | Charging Party | Hobbs, NM | 313 miles | 95 miles |
| Adrian Quezada | Charging Party | Seagraves, TX | 335 miles | 83 miles |
| Ronnie Kea | Defendant Plains' Employee | Denver City, TX | 320 miles | 87 miles |
| Shane Garner | Defendant Plains' Employee | Andrews, TX | 368 miles | 43 miles |

| | | | | |
|---|---|---|---|---|
| Alfredo Granados | Defendant Plains' Employee | Denver City, TX | 320 miles | 87 miles |
| Terry Hammonds | Third-Party Witness | Pittsburg, TX | 750 miles | 457 miles |
| Mario Sanchez | Third-Party Witness | Seagraves, TX | 335 miles | 83 miles |
| Kip Poarch | Third-Party Witness | New Ulm, TX | 787 miles | 406 miles |
| Troy Castleman | Third-Party Witness | Comanche, OK | 540 miles | 329 miles |

Doc. 32 at 16–18.

### 2.2.2. Materiality of Witnesses' Testimony

The Charging Parties' testimony is material because their allegations against Defendants are what caused Plaintiff to investigate and file this case. Plaintiff does not dispute this. Defendant Plains' Employees' testimony is material because each has personal knowledge of the allegations and the Charging Parties. Doc. 32 at 17. Plaintiff also does not dispute this. The Court, however, agrees with Plaintiff that of the third-party witnesses, only Mario Sanchez's and Terry Hammonds' testimony is material. Doc. 34 at 21. Sanchez was the alleged harasser, and Hammonds was the Charging Parties' direct supervisor. Doc. 32 at 19. Whereas Kip Poarch and Troy Castleman appear to have only general knowledge about the allegations and Defendants' operations. *Id.*

### 2.2.3. Whether Witnesses are Unwilling to come to Trial, Deposition Testimony would be Unsatisfactory, or Use of Compulsory Process would be Necessary

Defendants do not discuss whether the Charging Parties or Defendant Plains' Employees are unwilling to come to trial, deposition testimony would be unsatisfactory, or use of compulsory process would be necessary. Defendants, instead, focus on the need for compulsory process for

Sanchez and Hammonds, both of whom are no longer employed by Defendants. Doc. 32 at 19–20.

Defendants explain that "Sanchez is the alleged harasser making the basis of the lawsuit," and is located outside of the District of New Mexico's subpoena power, but within 100 miles from the Western District of Texas' Midland-Odessa Division and, therefore, is within that Court's subpoena power. *Id.*; *see* Fed. R. Civ. P. 45(c)(1) ("A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person."). Defendants also explain that Sanchez will not be cooperative and that compulsory process will be needed. Doc. 33 at 7. This is not surprising. As the Honorable James A. Parker explained in *In re Mannatech, Inc. Sec. Litig.*, "[t]hose who are former employees might have little incentive to appear for trial voluntarily." 2007 WL 9717517, at *3 (D.N.M. Jan. 29, 2007). Sanchez will likely have even less incentive to voluntarily appear considering that his alleged actions are the ones that will be scrutinized at trial.

Defendants explain that Hammonds "was the direct supervisor of the Charging Parties," "has first-hand knowledge of Plaintiff's factual allegations," and is also located outside of the District of New Mexico's subpoena power, but within the Western District of Texas' subpoena power. Doc. 32 at 19–20; *see* Fed. R. Civ. P. 45(c)(1) ("A subpoena may command a person to attend a trial, hearing, or deposition only as follows: . . . (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . (ii) is commanded to attend a trial and would not incur substantial expense."). Like Sanchez, it is reasonable to presume Hammonds will also have little incentive to appear for trial voluntarily.

The Court finds that, because Sanchez and Hammonds are material witnesses located outside of the District of New Mexico's subpoena power, but within the Western District of Texas' subpoena power, this factor weighs in favor of transfer. The fact that all the identified witnesses

are located closer, and some substantially closer, to Midland than Albuquerque is also persuasive.

### 2.3. Cost of Making the Necessary Proof

"The preference for a witness's attendance at trial is axiomatic. When the 'key factual issues' at trial turn on the 'credibility' and 'demeanor' of the witness, we prefer the finder of fact to observe live testimony of the witness." *Garcia-Martinez v. City & Cty. of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004). Taking the preference for live witness testimony into account, Defendants argue that the costs for all witnesses will be greater if the case is held in Albuquerque compared to Midland. Doc. 32 at 20–21. The Court finds that the table of witnesses and their locations in section 2.1.1 demonstrates this. Each Charging Party, for example, is located considerably closer to Midland than Albuquerque, and it is reasonable to presume that their costs to travel to a trial in Midland will be less compared to traveling to a trial in Albuquerque.

Defendants also argue that it will be more costly for their counsel to litigate this case in Albuquerque compared to Midland. *Id.* Relying on that argument, however, would "[m]erely shift[] the inconvenience from one side to the other" and that "is not a permissible justification for a change of venue." *Employers Mut. Cas. Co.*, 618 F.3d at 1167 (quoting *Scheidt*, 956 F.2d at 966). The Court finds that this factor weighs in favor of transfer based on witness travel costs.

### 2.4. Difficulties that May Arise from Congested Dockets

The District of New Mexico's congested caseload is the subject of national attention. *See* Alicia A. Caldwell and Dan Frosch, *Immigration Cases, Judicial Vacancies Tax New Mexico Courts*, The Wall Street Journal, Oct. 19, 2019, https://www.wsj.com/articles/immigration-cases-judicial-vacancies-tax-new-mexico-courts-11571493600. As of March 24, 2020, the District of New Mexico has two judicial vacancies, whereas the Western District of Texas has none. *See Current Judicial Vacancies*, United States Courts, https://www.uscourts.gov/judges-

[judgeships/judicial-vacancies/current-judicial-vacancies](judgeships/judicial-vacancies/current-judicial-vacancies).[1]

As the undersigned explained in The Wallstreet Journal article, "[w]hen you combine the heavy caseloads with the vacancies, it's crushing." Civil cases, as a result, take considerably longer to adjudicate. There is no question that the District of New Mexico's congested docket will lead to difficulties in adjudicating this case in a timely manner. The Court, therefore, finds that this factor weighs in favor of transfer.

### 2.5. Remaining Transfer Factors

"Defendants concede that some factors such as the enforceability of judgments, questions arising in the area of conflicts of laws issues, and the advantage of having a local court determine questions of local law are neutral or non-determinative factors on the issue of transfer of venue in this case. . . . Therefore, [Plaintiff] will not discuss these factors and the Court need not consider them." Doc. 34 at 18 n.6. In light of the parties' agreement that the remaining transfer factors are not dispositive, the Court will not consider them.

The Tenth Circuit has explained that the "convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Employers Mut. Cas. Co.*, 618 F.3d at 1167 (quoting *Cook*, 816 F.Supp. at 669). That factor along with the cost of making the necessary proof and the difficulties that may arise from congested dockets factors weigh in favor of transfer. Plaintiff's choice of forum is the only factor that weighs against transfer. That factor, although significant, is not dispositive by itself. If it were, then 28 U.S.C. § 1404(a) (Change of venue) would not exist. The Court finds that the factors, when considered together, strongly weigh in favor of transferring

---

[1] The undersigned judge is keenly aware that, like the District of New Mexico, the Western District of Texas is a southwest border court with an overwhelming criminal caseload consisting of many, many pending criminal cases as a result of its status as a southwest border court. Accordingly, the distinction the undersigned is drawing between the District of New Mexico and the Western District of Texas is not on the caseload, but rather on the current judicial vacancies in the District of New Mexico when compared to the Western District of Texas.

this case to the Western District of Texas' Midland-Odessa Division.

**IT IS THEREFORE ORDERED** that Defendants' Joint Motion to Dismiss for Improper Venue or, in the alternative, Motion to Transfer [Doc. 32] is **GRANTED IN PART**. For the reasons explained in this Memorandum Opinion and Order, the Court finds that while venue is proper in the District of New Mexico under the Title VII venue provision, transfer to the Western District of Texas' Midland-Odessa Division is warranted pursuant to 28 U.S.C. § 1404(a).

**IT IS FURTHER ORDERED** that the Clerk of Court shall take the necessary action to effectuate transfer of this case to the United States District Court for the Western District of Texas, Midland-Odessa Division.

**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**